FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 28 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GREGORY McCOY,

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**
12-CV-273(ARR)(LB)

Plaintiff,

-against-

TRANSPORT INTERNATIONAL POOL, INC.,

Defendant.
----------------------------------------------------------------x

ROSS, United States District Judge:

On January 18, 2012, plaintiff, appearing *pro se,* brought this action alleging breach of a contract by defendant. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this order, and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order that properly sets forth her claim and a basis for this Court's jurisdiction.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius,* 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav.*

*Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

McCoy must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526

U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id., see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff states that this Court has jurisdiction pursuant to "Section 1331," Complaint at ¶ 2, federal question jurisdiction, but the complaint does not present a federal question. The sole issue raised by the complaint concerns a "lease agreement" by which plaintiff maintains he is permitted to periodically inspect the property, and defendant maintains inspections are not permitted. Beyond this limited information, and the date March 10, 2009 on which something relevant to this contract or plaintiff's claim happened in the Supreme Court of the State of New York, Kings County, plaintiff provides no further information. Nothing in the complaint suggests any basis for this Court's federal question jurisdiction, it merely presents, at best, a state law breach of contract claim. Thus, this Court, in exercising its independent obligation to determine whether subject-matter jurisdiction exists, *Arbaugh*, 546 U.S. at 514, finds no basis for the exercise of its subject-matter jurisdiction within the four corners of the complaint, notwithstanding its liberal reading of the pleadings. However, plaintiff is afforded thirty days to file an amended complaint in which he alleges a basis for this Court's subject-matter jurisdiction.

Further, the complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99,

106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Here, the complaint does not comply with Rule 8. However, plaintiff is afforded thirty days to file an amended complaint in which he complies with Federal Rule of Civil Procedure 8.

Finally, to the extent plaintiff may be seeking to bring this action to challenge a result in New York state court with which he is dissatisfied, such an action would likely be barred by the *Rooker-Feldman* Doctrine. An action is barred by the doctrine of *Rooker-Feldman* if it is "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005). In *Hoblock v. Albany County Bd of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of the injury caused by the state court order; (3) plaintiff wants this court to review the state court's process and rejection of the determinations, and (4) the state court determinations in question were rendered before this action was commenced. 422 F.3d 77, 83 (2d Cir. 2005).

## CONCLUSION

Accordingly, although the Court does not have subject matter jurisdiction over the complaint as currently presented, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must provide a basis for

4

this Court's subject matter jurisdiction and comply with Rule 8(a) of the Federal Rules of Civil Procedure.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint for lack of subject matter jurisdiction and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/
_____
Allyne R. Ross
United States District Judge

Dated: February 28, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**
Gregory McCoy
1486 Bedford Avenue
#3B
Brooklyn, NY 11216