FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 3 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GREGORY McCOY,

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**
12-CV-273(ARR)(LB)

Plaintiff,

-against-

TRANSPORT INTERNATIONAL POOL, INC.,

Defendant.
-----------------------------------------------------------------x
ROSS, United States District Judge:

On January 18, 2012, plaintiff, appearing *pro se,* brought this action alleging breach of a contract by defendant. By Order dated February 28, 2012, the Court directed plaintiff to submit an amended complaint within thirty (30) days of the date of this order that properly set forth his claim and a basis for this Court's jurisdiction. Plaintiff submitted an amended complaint on March 26, 2012. For the reasons set forth below, the action is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius,* 618 F.3d 162, 171 (2d Cir. 2010).

Also, as the Court stated in its February 28, 2012 Order, McCoy must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA,* 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction

is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id., see also* Fed. R. Civ. P. 12(h)(3).

## Background

From the amended complaint it is clear that plaintiff is attempting to re-litigate in federal court the identical personal injury claim that he lost in state court. Plaintiff attaches documents to his amended complaint which inform the Court of the following: Plaintiff was injured in a "trip and fall" accident on March 15, 2005 on the bottom step of an office modular trailer owned by defendant. Plaintiff filed a personal injury action in state court against defendant on May 16, 2006. *McCoy v. Transport International Pool, Inc.*, Supreme Court of New York, Kings County Index Number 15389/06. On April 10, 2009, upon jury verdict on the issue of liability, a judgment in favor of the defendant was entered and the complaint was dismissed. By Decision and Order dated December 10, 2010, the judgment was affirmed by the Supreme Court of the State of New York, Appellate Division, Second Department. *McCoy v. Transport International*, Index Number 2009-3499. Plaintiff's leave to appeal to the Court of Appeals was denied by Decision dated March 8, 2011. He filed the instant action on January 18, 2012.

## Discussion

Plaintiff asserts that this court has federal question jurisdiction. Amended Complaint at 1, ¶ II. Plaintiff's claims of personal injury and breach of contract are state law claims that do not come within the purview of either 28 U.S.C. § 1331 (federal question or "arising under" jurisdiction) nor § 1332 (diversity of citizenship jurisdiction). In order to bring a claim under a district court's arising under jurisdiction, a plaintiff must plead a colorable claim arising under the Constitution or laws of the United States. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when [ ]he pleads a colorable claim arising under the Constitution or laws of the United States.") (internal quotation marks omitted). The complaint suggests no basis for relief under the Constitution or the laws of the United States. Nor are plaintiff and defendant of diverse citizenship since both are residents of New York. 28 U.S.C. § 1332. Thus, the Court lacks subject matter jurisdiction over the amended complaint and it must be dismissed.

Moreover, this action is precluded by the doctrine of *res judicata*. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal courts give preclusive effect to a state court judgment whenever the courts of that state would do so. 28 U.S.C. § 1738; *Ferris v. Cuevas*, 118 F.3d 122, 126-27 (2d Cir. 1997) (where plaintiff's claim was first litigated in New York State Court and later in the Eastern District of New York, the Second Circuit applied New York law to preclude litigation in federal court pursuant to the doctrine of *res judicata*). Under New York law, following a valid final judgment, *res judicata* bars future litigation between the same parties, or those in privity with them, on the same cause of action. *Ferris,* 118 F.3d at 126 (citing *Triboro Fastener & Chemical Products Corp. v. Lee*, 236 A.D.2d 603, 653 N.Y.S.2d 960, 961 (1997); *Hodes v. Axelrod*, 70

N.Y.2d 364, 372, 520 N.Y.S.2d 933, 937, 515 N.E.2d 612, 616 (1987)). Here, plaintiff has named the same defendant as his prior action and alleged the exact same cause of action. Thus, even if the Court had jurisdiction over his amended complaint, it is dismissed on *res judicata* grounds.

**Conclusion**

Accordingly, plaintiff's amended complaint is dismissed for lack of subject matter jurisdiction and barred by the doctrine of *res judicata*. Fed. R. Civ. P. 12(h)(3); Fed. R. Civ. P. 12(b)(6). Plaintiff's "Motion to Expedite Plaintiff's Amended Complaint," filed April 13, 2012, is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: April 23, 2012
Brooklyn, New York